UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| PANTELIS CHRYSAFIS, BETTY COHEN, BRANDIE LACASSE, MUDAN SHI, AND FENG ZHOU, | 2:21-cv-00998 (SJF/ARL) |
|---|---|
| *Plaintiffs*, | |
| -against- | |
| LETITIA JAMES, in her official capacity as Attorney General of the State of New York, | |
| *Defendant*. | |

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS BASED ON ELEVENTH AMENDMENT IMMUNITY

LETITIA JAMES
Attorney General
State of New York
*Attorney for Defendant*
200 Old Country Road, Suite 240
Mineola, New York 11501

Helena Lynch
Assistant Attorney General, *of Counsel*
(516) 248-3312 | Helena.lynch@ag.ny.gov

## TABLE OF CONTENTS

                                   **Page**

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

ALL CLAIMS ARE BARRED BY THE ELEVENTH AMENDMENT, AND PLAINTIFFS FAIL TO DEMONSTRATE THAT THE *EX PARTE YOUNG* EXCEPTION APPLIES ............ 2

 A. The *Ex parte Young* Exception to Eleventh Amendment Immunity Requires a Showing that the Named Official Has a Particular Duty to Enforce the Statute in Question ......................... 2

 B. Plaintiffs Fail to Demonstrate that Either CEEFPA or the General Laws of New York Charge the Attorney General With a Particular Duty to Enforce CEEFPA Part A .................. 5

 C. Defendant's Guidance and Statements Regarding Illegal Evictions Do Not Demonstrate a Particular Duty to Enforce CEEFPA Part A ................................................................. 7

 D. Defendant is Not Required to Advise Plaintiffs as to Whom They Should Name as a Defendant, Nor Should She Do So ................................................................................ 8

CONCLUSION ............................................................................................................................... 9

# TABLE OF AUTHORITIES

**Case**                                                                                                           **Page**

*Ark. United v. Thurston*,
   No. 20-cv-51932021 WL 411141 (W.D. Ark. Feb. 5, 2021) .................................................. 8

*Ass'n of Am. Med. Colleges v. Carey*,
   482 F. Supp. 1358 (N.D.N.Y. 1980) ................................................................................. 6, 7

*Conn. Ass'n of Health Care Facilities, Inc. v. Rell*,
   No. 10-cv-136, 2010 WL 2232693 (D. Conn. June 3, 2010) ............................................... 2

*CSX Transp., Inc. v. New York State Office of Real Property Services*,
   306 F. 3d 87 (2d Cir. 2002) ................................................................................................ 3, 4

*Dairy Mart Convenience Stores, Inc. v. Nickel*,
   411 F.3d 367 (2d Cir. 2005) .................................................................................................. 4

*Federal Nat'l Mortgage Ass'n v. Lefkowitz*,
   383 F. Supp. 1294 (S.D.N.Y. 1974) ................................................................................. 6, 7

*Goodspeed Airport, LLC v. E. Haddam Inland Wetlands & Watercourses Comm'n*,
   632 F. Supp. 2d 185 (D. Conn. 2009) .................................................................................. 7

*HealthNow New York, Inc. v. New York*,
   448 F. App'x 79 (2d Cir. 2011) ............................................................................................ 3

*HealthNow New York, Inc. v. New York*,
   739 F. Supp. 2d 286 (W.D.N.Y. 2010) ................................................................................ 2

*Mendez v. Heller*,
   530 F.2d 457 (2d Cir. 1976) .................................................................................................. 5

*Nassau & Suffolk Cty. Taxi Owners Ass'n, Inc. v. State*,
   336 F. Supp. 3d 50 (E.D.N.Y. 2018) ........................................................................... 2, 3, 5

*NAACP v. Merrill*,
   939 F. 3d 470 (2d Cir. 2019) ................................................................................................ 3

*Pennhurst State Sch. & Hosp. v. Halderman*,
   465 U.S. 89 (1984) .................................................................................................................. 5

*Riley v. Cuomo*,
   No. 17-cv-01631, 2018 WL 1832929 (E.D.N.Y. Apr. 16, 2018) ........................................ 2

*Schoenefeld v. New York*,
   No. 09-cv-0504, 2010 WL 502758 (N.D.N.Y. Feb. 8, 2010) ............................................. 6

*Ulrich v. Mane*,
   383 F. Supp. 2d 405 (E.D.N.Y. 2005) ............................................................................8

*United States v. Bond*,
   762 F.3d 255 (2d Cir. 2014) ............................................................................................3

*Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*,
   535 U.S. 635 (2002) ........................................................................................................4

*Woods v. Rondout Valley Cent. Sch. Dist. Bd of Educ.*,
   466 F.3d 232 (2d Cir. 2006) ............................................................................................3

*Ex parte Young*,
   209 U.S. 123 (1908) ................................................................................................*passim*

## United States Constitution

Eleventh Amendment ....................................................................................................*passim*

## Federal Rules of Civil Procedure

Rule 12(b)(1) ..........................................................................................................................1

Rule 12(b)(6) ..........................................................................................................................1

## State Statutes

Chapter 381, Laws of 2020 ............................................................................................*passim*

Executive Law § 63(1) ..........................................................................................................8

Executive Law § 63(12) ............................................................................................ 1, 5, 6, 7

General Business Law § 349 ................................................................................................8

Public Officers Law § 17(2) .................................................................................................8

## PRELIMINARY STATEMENT

Defendant, Letitia James, the Attorney General of the State of New York, sued in her official capacity only, respectfully submits this reply memorandum of law in further support of her motion, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss all claims and requests for relief asserted against her in the Complaint dated February 24, 2021 (the "Complaint") because all claims as asserted against her are barred by the Eleventh Amendment to the United States Constitution.

In her opening memorandum of law dated March 23, 2021, Defendant demonstrated that the Eleventh Amendment bars all claims asserted against her and that the *Ex parte Young* exception to Eleventh Amendment immunity does not apply because nothing in the COVID-19 Emergency Eviction and Foreclosure Prevention Act ("CEEFPA") or the general laws of New York state charge her with a particular duty to enforce CEEFPA Part A, the part of the statute challenged herein.

As set forth below, Plaintiffs fail to offer any persuasive argument to the contrary, and effectively reinforce Defendant's argument that she is not charged with a particular duty to enforce CEEFPA Part A. The crux of Plaintiffs' argument is that N.Y. Executive Law § 63(12), which grants the Attorney General discretionary authority to take action against "repeated fraudulent or illegal acts" or "persistent fraud or illegality"—where the underlying "illegality" could derive from any source of law—amounts to a particular duty to enforce CEEFPA Part A. Plaintiffs cite no case that has held that the Attorney General's *general* enforcement power in Executive Law § 63(12) alone is the type of *particular* duty that would satisfy the *Ex parte Young* exception. In addition, no Second Circuit or Supreme Court case disavows the particular duty standard and many cases, including *Ex parte Young* itself, effectively endorse that standard or are consistent with it.

Therefore the *Ex parte Young* exception does not apply in this matter and all claims against the Attorney General are barred by the Eleventh Amendment and should be dismissed.

ARGUMENT

**ALL CLAIMS ARE BARRED BY THE ELEVENTH AMENDMENT, AND PLAINTIFFS FAIL TO DEMONSTRATE THAT THE *EX PARTE YOUNG* EXCEPTION APPLIES**

**A. The *Ex parte Young* Exception to Eleventh Amendment Immunity Requires a Showing that the Named Official Has a Particular Duty to Enforce the Statute in Question**

As Defendant demonstrated in her opening memorandum of law dated March 23, 2021, *see* Def.'s Mem. at 11-12, the exception to Eleventh Amendment immunity set forth in *Ex parte Young*, 209 U.S. 123 (1908), cannot be satisfied if the state officer named as a defendant does not have a particular duty to enforce the law in question. *See, e.g.*, *Riley v. Cuomo*, No. 17-cv-01631, 2018 WL 1832929, at *5 (E.D.N.Y. Apr. 16, 2018); *HealthNow New York, Inc. v. New York*, 739 F. Supp. 2d 286, 294 (W.D.N.Y. 2010), *aff'd* 448 F. App'x 79 (2d Cir. 2011).

Plaintiffs argue, incorrectly, that the Supreme Court and the Second Circuit have "instructed otherwise." *See* Pls.' Mem. at 3-4, 11-12. But neither the Second Circuit nor the Supreme Court has "instructed" that the particular duty standard does not apply, and the cases cited by Plaintiffs do not support their argument. Many cases cited by Plaintiffs effectively endorse or are consistent with the particular duty standard. Indeed, Plaintiffs cite a case that contains a quote of the particular duty standard in full.

Plaintiffs rely on *Nassau & Suffolk Cty. Taxi Owners Ass'n, Inc. v. State*, 336 F. Supp. 3d 50 (E.D.N.Y. 2018), for their argument that no particular duty need be shown in order to find the requisite connection between a named state official and the statute in question, *see* Pls.' Mem. at 10, but Plaintiffs have it exactly backwards. *Nassau & Suffolk County* contains a verbatim quote of the particular duty standard: "'[A] particular duty to enforce the statute in question and a demonstrated willingness to exercise that duty is needed for a state officer to be a proper defendant under *Ex parte Young*.'" *Conn. Ass'n of Health Care Facilities, Inc. v. Rell*, No. 10-cv-136, 2010 WL 2232693, at *5 (D.

2

Conn. June 3, 2010), as quoted in *Nassau & Suffolk County*, 336 F. Supp. 3d at 68. *Nassau & Suffolk County* supports Defendant's argument, not Plaintiffs'.

Neither do the Second Circuit cases cited by Plaintiff reject the particular duty standard. First, *NAACP v. Merrill*, 939 F. 3d 470 (2d Cir. 2019), did not conduct any analysis of the required showing under *Ex parte Young*—rather, the defendants therein argued only that the plaintiffs had not alleged a non-frivolous ongoing violation of federal law. *See id.* at 476. The court accordingly examined only that question and did not examine whatsoever the showing required to establish "some connection" between the named official and the statute in question. *Id.* at 476-78.

Nor did the Second Circuit opinion in *HealthNow* examine *Ex parte Young*—instead, it affirmed the district court's dismissal of the Attorney General because the plaintiffs lacked standing, which deprived the court of subject matter jurisdiction. *HealthNow New York, Inc. v. New York*, 448 F. App'x 79 (2d Cir. 2011). Because courts normally must turn first to questions of subject matter jurisdiction, *see, e.g., United States v. Bond*, 762 F.3d 255, 263 (2d Cir. 2014), and there remains some doubt as to whether Eleventh Amendment immunity is a matter of subject matter jurisdiction, *Woods v. Rondout Valley Cent. Sch. Dist. Bd of Educ.*, 466 F.3d 232, 238 (2d Cir. 2006), it is not surprising that the Second Circuit affirmed on the question of standing and did not need to examine *Ex parte Young*. This does not in any way amount to a disavowal of the district court's holding that a particular duty to enforce need be shown for *Ex parte Young* to be satisfied and that the Attorney General's authority under Executive Law § 63(12) is not enough.

Similarly, *CSX Transp., Inc. v. New York State Office of Real Property Services*, 306 F. 3d 87 (2d Cir. 2002), did not turn on *Ex parte Young*. Rather, it turned on the holding that Eleventh Amendment immunity had been abrogated as to the statute in question, and only "briefly touched" on the question of *Ex parte Young. Id.* at 95, 98. In any event, the court found that *Ex parte Young* was satisfied because

the named officials were specifically charged with monitoring the at-issue conduct of local tax assessors. *Id.* at 98. *CSX* is, therefore, consistent with the particular duty standard.

Plaintiffs also rely on *Dairy Mart Convenience Stores, Inc. v. Nickel*, 411 F.3d 367, 372 (2d Cir. 2005), but there the court found that *Ex parte Young* was satisfied because the named officials had "significant responsibilities overseeing" the fund at issue and approving claims for reimbursement, and were allegedly declining to apply bankruptcy code provision in finding plaintiffs reimbursement claims untimely. *Dairy Mart*, like *CSX*, is consistent with the particular duty standard.

In addition, in a Supreme Court case relied on by Plaintiffs, *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 640 (2002), there could be no question that the individual defendants were specifically charged with enforcing the regulatory scheme at issue—the individual defendants were the commissioners of the public service commission that had instituted the new regulation at issue. *Id.* at 640. *Verizon,* too, is consistent with the particular duty standard.

Finally, and most notably, the interpretation that *Ex parte Young* requires a particular duty to enforce the statute in question is correct in light of the facts of *Ex parte Young* itself. *Ex parte Young* involved a statute that imposed penalties on railroad companies for disobeying an order by the railroad and warehouse commission that fixed carriage rates. In determining that the named attorney general could be sued, the Court did not rely solely on the attorney general's general enforcement powers. Instead, there were two additional factors that demonstrated a particular duty to enforce the statute in question as well as a willingness to do so: (1) Minnesota had enacted a separate statute expressly making the attorney general the *ex officio* attorney for the railroad commission, and making it "his duty to institute and prosecute all actions which the commission shall order brought, and [to] render the commissioners all counsel and advice necessary for the proper performance of their duties"; and (2) the Attorney General had already commenced proceedings. 209 U.S. at 157. Therefore, the particular

duty standard can be found in *Ex parte Young* itself, and it is Plaintiffs who are incorrect in arguing for an excessively "permissive" standard that would expand *Ex parte Young* beyond its intended scope.

Accordingly, as Defendant argued, in order for a plaintiff to overcome Eleventh Amendment immunity, it must identify a state official who is specifically charged with a particular duty to enforce or administer the statute at issue, rather than a general duty to support, defend, or enforce state statutes. *See, e.g., Mendez v. Heller*, 530 F.2d 457, 460 (2d Cir. 1976); *Nassau & Suffolk Cty., v. State*, 336 F. Supp. 3d at 68 (quoting the particular duty standard).

Plaintiffs do not contest that *Ex parte Young* is inapplicable to their state law claims, including those alleged to be before a federal court under pendent jurisdiction, and that their state law claims should therefore be dismissed. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984).

### B. Plaintiffs Fail to Demonstrate that Either CEEFPA or the General Laws of New York Charge the Attorney General With a Particular Duty to Enforce CEEFPA Part A

As Defendant demonstrated in her opening memorandum of law, *see* Def.'s Mem. at 13-20, the *Ex parte Young* exception is inapplicable here because neither CEEFPA itself nor the Attorney General's general authority under N.Y. Executive Law § 63(12) charges her with a particular duty to enforce CEEFPA, or any other state law, and neither is therefore sufficient to create the connection between her and CEEFPA Part A that *Ex parte Young* requires.

Plaintiffs do not contest that nothing in CEEFPA itself creates any duty, much less a particular duty, to enforce the statute. Instead, they rely solely on the Attorney General's general discretionary powers under Executive Law § 63(12). *See* Pls.' Mem. at 13-14. But Plaintiffs erroneously conflate the Attorney General's discretionary authority to enforce under Executive Law § 63(12) with a particular duty to enforce. *See, e.g.*, Pls.' Mem. at 13, 17. Discretionary authority to seek relief for *any* source of illegality is not the same as a *particular* duty to enforce a specific statute. Contrary to Plaintiffs' assertions, no court has held that Executive Law § 63(12) alone creates the requisite connection under

5

*Ex parte Young*. In the cases cited by Plaintiffs, there was an express duty set forth either in the statute at issue or in the laws of the state.

Plaintiffs argue that *Ex parte Young* found the attorney general of Minnesota to have a sufficient connection with the statute at issue based solely on his general enforcement powers. *See* Pls.' Mem. at 13-14. However, Plaintiffs are incorrect. As set forth above, *see supra* Point A, *Ex parte Young* did not rely solely on the attorney general's general powers. The separate statute that specifically charged the attorney general with enforcement of actions ordered prosecuted by the railroad commission is what *Ex parte Young* meant when it stated that the duty to enforce may "arise[] out of the general law." 209 U.S. at 157. The presence of that separate statute is a key distinction that Plaintiffs seek to obscure but which must be recognized in order for Eleventh Amendment immunity and the *Ex parte Young* exception to retain their intended meaning and purpose.

Nor did *Schoenefeld v. New York*, No. 09-cv-0504, 2010 WL 502758 (N.D.N.Y. Feb. 8, 2010), relied on by Plaintiffs, find a sufficient connection between the Attorney General and the challenged statute based on Executive Law § 63(12). *Schoenfeld* involved Judiciary Law 470, and the court relied on the express grant of authority to the Attorney General for enforcement of the judiciary laws, not on Executive Law § 63(12). *See id.* at * 4 ("The Attorney General is tasked with enforcing laws prohibiting the unlawful practice of law." (citing N.Y. Jud. Law §§ 476–a; 476–b, 476–c")). *Schoenfeld* does not come close to supporting Plaintiffs' argument.

Defendant demonstrated in her opening memorandum of law, *see* Def.'s Mem. at 17-19, that neither *Federal Nat'l Mortgage Ass'n v. Lefkowitz*, 383 F. Supp. 1294 (S.D.N.Y. 1974), nor *Ass'n of Am. Med. Colleges v. Carey*, 482 F. Supp. 1358 (N.D.N.Y. 1980), relied solely on Executive Law § 63(12) to find a sufficient connection between the Attorney General and the statute at issue. Plaintiffs fail to demonstrate that either case did so. In the former case, enforcement was imminent, and in the latter case, enforcement was likely. *See* Def.s' Mem. at 18. Plaintiffs are completely incorrect in arguing that

"there was no more risk of enforcement in *Carey* or *Lefkowitz* than against Plaintiffs here." Pls.' Mem. at 19. Plaintiffs argue only that Defendant would be authorized under Executive Law § 63(12) to take action against landlords' failures to provide Hardship Declarations. *Id.* at 15-16. Enforcement under section 63(12) is only for "repeated fraudulent or illegal acts" or "persistent fraud or illegality," and Plaintiffs have not so much as suggested that they plan to file eviction proceedings without having provided a Hardship Declaration, much less to do so repeatedly or persistently. This is far from the facts in either *Lefkowitz* or *Carey*, and does nothing to show that *Ex parte Young* is satisfied. *See Goodspeed Airport, LLC v. E. Haddam Inland Wetlands & Watercourses Comm'n*, 632 F. Supp. 2d 185, 189 (D. Conn. 2009) ("remote possibility" of enforcement action against plaintiff insufficient to overcome Eleventh Amendment immunity).

In sum, Executive Law § 63(12) alone does not satisfy *Ex parte Young* because it does not charge the Attorney General with a particular duty to enforce CEEFPA Part A, or any other statute, and no court has found the requisite connection between the Attorney General and any statute based on Executive Law § 63(12) alone.

### C. Defendant's Guidance and Statements Regarding Illegal Evictions Do Not Demonstrate a Particular Duty to Enforce CEEFPA Part A

Plaintiffs also seek to rely on the Attorney General's guidance to sheriffs and public statements regarding illegal evictions, including a tweet dated May 8, 2020, nearly eight months prior to the enactment of CEEFPA, to argue that *Ex parte Young* is satisfied. Plaintiffs, who seek to invalidate sections of CEEFPA that protect tenants, while keeping intact sections of CEEFPA protecting property owners like themselves, argue that Defendant "cannot have it both ways." Pls.' Mem. at 4. However, Defendant, unlike Plaintiffs, is not seeking to "have it both ways."

As Defendant demonstrated, *see* Def.'s Mem. at 19-20, the guidance and public statements do not specifically relate to the Attorney General's enforcement of CEEFPA Part A. Rather, they are related to other legal mechanisms that the Attorney General may invoke. In any event, guidance is not

7

enforcement, and neither guidance nor public statements regarding illegal evictions establish that that the Attorney General is charged with a particular duty to enforce CEEFPA Part A.

Plaintiffs cite an Arkansas case, *Ark. United v. Thurston*, No. 20-cv-51932021 WL 411141 (W.D. Ark. Feb. 5, 2021), to argue that guidance equals enforcement, but their argument fails because that case involved distinct issues of election law and state election commissioners' complete oversight of and responsibility for county election commissioners' training and compliance with all election laws. *Id.* at *8. *Thurston* has no relevance here, because the Attorney General is not charged under state law with complete oversight and responsibility for sheriffs' training and compliance with any law.

Finally, Plaintiffs' Exhibit 5, which is dated July 8, 2020, nearly six months before the enactment of CEEFPA, addresses an action against a law firm for deceptive notices to tenants. Enforcement actions against deceptive practices are under a different statute. *See* Gen. Bus. Law § 349.

Accordingly, none of the requirements of *Ex parte Young* is satisfied, and the Attorney General should be dismissed from this lawsuit. *See, e.g., Ulrich v. Mane*, 383 F. Supp. 2d 405, 410 (E.D.N.Y. 2005) ("[T]he Attorney General has no connection with the enforcement of [the statute at issue], and therefore cannot be a party to this suit." (citing *Ex parte Young*, 209 U.S. 123)).

### D. Defendant is Not Required to Advise Plaintiffs as to Whom They Should Name as a Defendant, Nor Should She Do So

Plaintiffs make an additional argument that has nothing to do with the question of whether the *Ex parte Young* exception is satisfied. They argue that Defendant should remain as a party in this matter because she has not provided advice to them as to whom to name as the correct defendant. *See* Pls.' Mem. at 20-21. The Attorney General is not required to provide legal advice to Plaintiffs, nor should she do so.

The Attorney General represents state officials and state agencies who are named as defendants not only in constitutional challenges to statutes, but also in a wide range of litigation in both state and federal courts. *See* N.Y. Executive Law §§ 63(1), 71; N.Y. Pub. Officers' Law § 17(2).

The Attorney General should not be required to point to an agency or individual she represents to be named as a defendant in a lawsuit. She should no more be required to advise an opposing party to sue one of her clients than any attorney representing a private entity or individual should be required to do so.

## CONCLUSION

For all of the forgoing reasons and for the reasons stated in her opening memorandum of law, Defendant respectfully requests that the Court grant this motion and dismiss all claims asserted in the Complaint, in their entirety and with prejudice.

Dated: Mineola, New York
March 30, 2021

LETITIA JAMES
Attorney General
State of New York
*Attorney for Defendant*
By: s/ *Helena Lynch*
Helena Lynch
Assistant Attorney General, *of Counsel*
200 Old Country Road, Suite 240
Mineola, New York 11501
(516) 248-3312 | Helena.lynch@ag.ny.gov